PEOPLE ex rel. McGRATH v. HERMANCE, Public Safety Com'r.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

MUNICIPAL CORPORATIONS (§ 198*)—MUNICIPAL DEPARTMENTS—FIRE—REMOVING FIREMEN — PROCEEDINGS — SUFFICIENCY OF CHARGE—JURISDICTIONAL DEFECTS.

Unless there is a substantial compliance with the rules and regulations of the fire department of the city of Yonkers requiring that charges preferred against a member must be in writing, and give the names of the witnesses by whom the charge may be proved, the board of fire commissioners have no jurisdiction to remove a member, so that proceedings to remove a member were void where the names of two of the witnesses were not indorsed on the charge.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 540–545; Dec. Dig. § 198.*]

Miller, J., dissenting.

Certiorari by the People, on the relation of Hugh McGrath, against Edgar M. Hermance, Commissioner of Public Safety of the City of Yonkers, N. Y., to review a determination of the Board of Fire Commissioners, removing relator as captain of the fire department. Decision of commissioners reversed, and relator reinstated.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and MILLER, JJ.

Adrian M. Potter, for relator.
Charles E. Otis, Corp. Counsel, for respondent.

RICH, J. The general rules and regulations of the department provide, among other things, that, when a charge is preferred against

a member of the department, it shall be in writing, and bear the names of the witnesses by whom such charge may be proven. The purpose of this regulation is to apprise the accused of the charges against him, and of the witnesses who are to appear against him. Until there has been a substantial compliance with this rule, the commissioners were without jurisdiction to try the relator. It appears that two witnesses were called upon the hearing whose names were not indorsed upon the charge; in fact, these were the only witnesses called besides the complainant.

It follows that the proceedings on the part of respondent were void because they were without jurisdiction to act. Because of this disposition of the case it will be unnecessary to consider the other questions presented.

Determination of the commissioner reversed, and the relator reinstated, with $50 costs and disbursements. All concur, except MILLER, J., who dissents.